1
2
3
4

Damion D. D. Robinson, State Bar. No. 262573
    drobinson@vtzlaw.com
VAN VLECK TURNER & ZALLER LLP
6310 San Vicente Boulevard, Suite 430
Los Angeles, California 90048
Telephone:  (323) 592-3505
Facsimile:  (323) 592-3506

5
6

Attorneys for Interpleader Defendants
CR OPERATING COMPANY, INC. and
LINCOLN PLAZA OFFICE BUILDING, LLC

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10              **WESTERN DIVISION**

11

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | Case No.:  CV14-02889-SJO-VBKx |
| Plaintiff, | The Honorable Victor B. Kenton |
| v. | **[PROPOSED]** **PROTECTIVE ORDER** |
| CR OPERATING COMPANY, INC., et al. | |
| Defendants and Cross-Claim Plaintiffs | |
| v. | |
| CSMC-2006 C5 OFFICE 4545, LLC, LNR PARTNERS, LLC, and C-III ASSET MANAGEMENT, LLC | |
| Cross-Claim Defendants | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VAN VLECK
TURNER & ZALLER, LLP

# [PROPOSED] PROTECTIVE ORDER

The parties to this case have sought, and/or may in the future seek, the discovery of certain information from each other, which a party considers to be trade secret and/or confidential or proprietary information. To expedite the flow of discovery material, adequately protect and ensure the confidentiality of designated documents, records, communications, deposition testimony and other materials, and facilitate the prompt resolution of any disputes over confidentiality, Interpleader defendants CR Operating Company, Inc., Lincoln Plaza Office Building, LLC, CSMC 2006-C5 Office 4545, LLC, Van Vleck Turner & Zaller, LLP, and Miller Miller Menthe, LLP, and cross-claim defendants LNR Partners, LLC and C-III Asset Management, LLC, (collectively, the "Parties" and each a "Party") hereby agree to the entry of this protective order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED THAT:

1.      Definitions:

d.      "Document" shall have the meaning set forth in FRCP Rule 34 (a) (1) (A).

e.      "Confidential Information" shall mean non-public information contained in any Document, tangible medium of expression, or Discovery Material that is designated by any Producing Party as confidential and that contains trade secrets or other confidential research, development, or commercial information, such as customer identification, personal information, financial information, proprietary information, and other forms of sensitive business information.

f.      "Discovery Material" shall mean any Document, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to any discovery request made by any Party, used as an exhibit at a deposition or court hearing or trial, or otherwise exchanged in furtherance of the resolution of the above-captioned case. "Discovery Material" shall also mean any interrogatory answer or any testimony taken in this case or

VAN VLECK
TURNER & ZALLER, LLP

transcript thereof, including the contents, copies, excerpts and summaries thereof.

g.   "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

h.   "Producing Party" shall mean the person or entity that produces any information that is subject to the terms of this Order.

2.   <u>Scope</u>.  This Order shall govern any Discovery Material designated as Confidential Information in accordance herewith.

3.   <u>Designation</u>.  Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the Producing Party has a good faith belief that such information constitutes Confidential Information as defined herein, and that such designation is in accordance with any applicable law.  The Producing Party may designate a Document as Confidential Information by placing the word "CONFIDENTIAL" on the document.   The Producing Party may designate specifically identified portions of deposition testimony of a witness as Confidential Information at the time that the deposition testimony is elicited by indicating on the record at the deposition that the testimony is "Confidential," or by notifying the other parties in writing within 30 days of receipt of the transcript of the portion(s) of the transcript being designated as "Confidential."   Nothing in this Order shall be construed as prejudicial to the rights of any party or non-party to designate any other materials as confidential, or to the rights of the Parties to contest any such designation of confidentiality.  If any of the Parties contests the designation of any document or information as "Confidential" under this Order, before seeking relief from this Protective Order from the Court, the contesting party must provide written notice to the Producing Party and attempt to resolve the dispute through a meet and confer process; if no informal resolution is reached, either party may seek an order of the Court with respect to any Confidential Information following the conclusion of such meet-and-confer, whether such document was produced by the party so moving or by a third party.  In any such motion, the party objecting to the protected status of

2

the materials shall have the burden to prove that the material is inappropriately designated "Confidential" under the terms of this Protective Order.  Neither the designation of Discovery Materials as "Confidential" nor the failure of the receiving party to object to such a designation shall be deemed relevant in determining whether the Discovery Materials are in fact protected under this Protective Order.  In the case of documents produced by a third party and designated as "Confidential" by such third party, the third party need not seek an order and either party may instead seek an order challenging the confidentiality designation. During the pendency of any such challenge, any Discovery Material designated as "Confidential" shall remain protected unless and until the Court rules otherwise.

4.    <u>Use of Confidential Information</u>.  Discovery Material designated herein as "Confidential" may be used by the Parties only for purposes of preparing for and conducting pretrial and trial proceedings in this action.  Except as provided herein, Discovery Material designated as "Confidential," and information derived therefrom, shall be shown only to the following persons:

4.1    Officers and employees of the Parties who are involved in or assisting counsel in the defense of this case.

4.2    Counsel of record for the Parties and employees of such counsel as are required to assist in the preparation or conduct of this action;

4.3    Persons who do not fall within the category described in Section 4.1 above and who are witnesses at any deposition, hearing or trial in this action who counsel for the disclosing party believes in good faith are likely to have knowledge pertaining to the content of the Confidential Discovery Material; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and have executed the Acknowledgement attached as Exhibit A hereto;

4.4    Persons hired or consulted with as experts or consultants during the course of this litigation;  provided that,  before  being  shown  any

3

"Confidential" Discovery Material, such persons shall be given a copy of this Order, and have executed the Acknowledgement attached as Exhibit A hereto.

5.   <u>Non-Disclosure</u>.  The persons described in Paragraph 4 as having access to the "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

6.   <u>Safekeeping</u>.   Any and all documents and materials subject to this protective order shall be kept in a secure area so that they are not amenable to being read or seen by anyone other than the Parties, their attorneys, and others who have permission to view or obtain such documents and materials.

7.   <u>Filing Under Seal</u>. If it becomes necessary for "Confidential" Discovery Material to be filed with the Court, the party seeking to file the "Confidential" Discovery Material shall file an appropriate motion with the Court seeking leave to file the material under seal pursuant to the Local Rules of the Central District of California and the Court's Standing Order.  Any Document designated as a trial exhibit (in accordance with the applicable rules of Court and orders of the Court) which contains Confidential Information may be offered into evidence and used in open court at trial unless the Producing Party obtains an appropriate order from the Court closing the courtroom.

8.   <u>Non-Parties</u>. A non-party that produces documents or provides testimony in this case may designate such information as "Confidential" provided that the non-party subscribes hereto by executing the Acknowledgement attached as Exhibit A hereto.

9.   <u>Disposition of Confidential Information</u>.  Upon final conclusion of this action, all copies of "Confidential" Discovery Material, including designated deposition testimony, shall be promptly returned to the Producing Party, destroyed or

4

[PROPOSED] PROTECTIVE ORDER

maintained in such a manner as to preclude disclosure of such materials other than as allowed by this Protective Order.  In addition, upon the Producing Party's request within forty-five (45) days of the conclusion of this action, an affidavit of compliance shall be provided to the Producing Party swearing or affirming that all "Confidential" Discovery Material and all copies thereof in the possession of the party so attesting have been returned to the Producing Party, destroyed and/or will be stored in a manner to preclude disclosure.

10.   <u>Inadvertent Omissions</u>.   If a party determines in good faith that "Discovery Material" which was not previously designated as "Confidential" should have been so designated as "Confidential" under paragraph 3, that party may make such designation at that time.  A designation under this paragraph shall take effect at the time it is made.

11.   <u>Inadvertent Production of Privileged Material</u>.   The inadvertent production of a document otherwise subject to protection under the attorney-client privilege, work product doctrine or any other privilege recognized by applicable law (in each case a "Privileged Document") shall not be deemed to be a waiver of said privilege as to the specific document, the subject matter thereof, or otherwise.  Any party who contends that such a document was inadvertently produced shall notify the other party within ten days of its discovery of such inadvertent production.  The party to which the document was produced may return the document to the Producing Party and reserve all of its rights to seek an order from the Court compelling production of the document at the appropriate time.  Alternatively, the party to which the document was produced may retain the document, provided that the party seeks relief from the Court within 10 days from receipt of notification to compel production of such document on the ground that the document is properly subject to production.  No such documents shall be copied or distributed until resolution of the privilege issue by the Court.  The production of a document that a party believes to fall within any privilege or immunity shall not constitute a categorical waiver of such

privilege or immunity.  For purposes of and in this litigation, the non-producing party shall not assert that such production constitutes a waiver of such privilege or immunity with respect to any other information.

12. <u>Non-Waiver of Privilege</u>.  The Parties anticipate the possibility of producing certain attorney-client communications, work product and/or mediation materials in connection with this action, including, but not limited to, (a) attorney invoices and accountings of attorney's fees and costs, and (b) case assessments, confidential mediation briefs, and other settlement materials.  Pursuant to Federal Rule of Evidence 502(d) it is hereby ordered that the disclosure or filing of such information shall not be a waiver of any applicable privilege or protection as to the materials so produced, the subject matter thereof, or otherwise.  All such documents shall be deemed "Confidential Information" hereunder, and shall not be disclosed or used for any other purpose outside of this action.

12. <u>Limitations</u>.  Nothing in this Order shall be construed to impede or restrict use of Confidential Information by this Court or any of its personnel to the extent that such information is presented to the Court whether before or during trial. Nothing in this Order shall be deemed to restrict in any way a Producing Party or its attorneys with respect to the party's own documents or prevent a Producing Party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than through discovery in this case.

//

//

//

VAN VLECK
TURNER & ZALLER, LLP

13.    <u>Entire Agreement and Order</u>.  It is agreed that this Agreed Protective Order contains the entire agreement and understanding between and among the parties hereto and supersedes any prior agreements and understandings among them respecting the subject matter hereof.  There are no agreements or understandings (oral or written) between and among the parties hereto relating to the subject matter of this Order that are not set forth or expressly referred to herein.  The agreement of the parties reflected herein may not be modified or amended except in a writing executed on behalf of all the parties hereto and approved by the Court.

**So Ordered.**

Dated:  <u>September 12, 2014</u>                    /s/
                                          The Honorable Victor B. Kenton
                                          UNITED STATES MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | Case No.:  CV14-02889-SJO-VBKx |
| Plaintiff, | **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |
| v. | |
| CR OPERATING COMPANY, INC., et al. | |
| Defendants and Cross-Claim Plaintiffs | |
| v. | |
| CSMC-2006 C5 OFFICE 4545, LLC, LNR PARTNERS, LLC, and C-III ASSET MANAGEMENT, LLC | |
| Cross-Claim Defendants | |

The undersigned acknowledges that s/he has read the Agreed Protective Order Regarding Confidential Information entered by the Court in the above-captioned case, understands the terms thereof and agrees to be bound by such terms.  The undersigned accepts responsibility for the return or destruction of any Confidential Information received under the terms of the Order.

**Note**:  If signing on behalf of an entity, please so indicate.

Date: _____     _____
                                            (Signature)

                              _____
                                            (Print Name)

1

VAN VLECK
TURNER & ZALLER, LLP